FILED '11 MAR 07 14:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PHILLIP TAYLOR,

        Petitioner,        Civil No. 07-1637-TC

        v.        FINDINGS AND RECOMMENDATION

DON MILLS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence from the Washington County Circuit Court, after convictions for Rape in the First Degree (two counts), Sodomy in the First Degree (four counts), Unlawful Sexual Penetration in the First Degree (two counts), and Sexual Abuse in the First Degree (four counts) (Exhibits 101). Following a jury trial, the court sentenced petitioner to a total of 240 months of

1 - FINDINGS AND RECOMMENDATION

imprisonment (Id.).

Petitioner directly appealed his convictions, but the Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. (Exhibits 107 - 113)

Petitioner field an amended petition for post-conviction relief, but the Umatilla County Circuit Court denied relief (Exhibit 121), the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review (Exhibits 122 - 127).

Petitioner filed a *pro se* Petition for Habeas Corpus Relief (#2) alleging six grounds for relief. Respondent moves to deny petitioner's claims and dismiss this proceeding on the ground that "[a]ll six of these grounds are procedurally defaulted." Amended Response (#24), p. 3.

As noted above, petitioner filed the petition in this proceeding *pro se*. However, by Order (#36) entered February 3, 2009, the Federal Public Defender was appointed to represent petitioner. Counsel was requested to file an amended petition within 60 days. However no amended petition was filed. After nine extensions of time in which to file a brief in support of the petition, a Memorandum in Support of Petition (#72) was filed on January 18, 2011.[1]

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant

---

[1] Various federal public defenders represented petitioner during the first two years of this proceeding. Present counsel was appointed by Order (#65) entered October 6, 2010.

2 - FINDINGS AND RECOMMENDATION

has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

3 - FINDINGS AND RECOMMENDATION

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement

requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

Petitioner raised a single claim in his direct appeal - that the trial court erred in failing to grant petitioner's motion for judgment of acquittal. Exhibit 107 at p. 12. The Court of Appeals granted summary affirmance and the Oregon Supreme Court denied review.

Petitioner amended post-conviction petition alleged numerous claims of ineffective assistance of trial and appellate counsel. *See*, Exhibit 114. However in his PRC appeal, petitioner assigned only two errors: 1.) that "[t]he trial court (sic) erred by denying the petitioner post-conviction relief because the holding in *Blakely v. Washington* is retroactive and should apply to petitioner's case." (Exhibit 121 at p. 3); and 2.) "The post-conviction court erred in denying post-conviction relief to the petitioner because his trial counsel was constitutionally inadequate when he failed to object to petitioner's consecutive sentences." (<u>Id</u>. at p. 11). After the Court of Appeals affirmed without opinion, petitioner alleged the same assignments of error in his request for Oregon Supreme Court review. (Exhibit 125).

Grounds One, Two, Three, Four and Six allege claims that certain evidence was improperly admitted at trial and that other exculpatory evidence was not presented. However, petitioner's only assignment of error in his petition for

5 - FINDINGS AND RECOMMENDATION

review to the Oregon Supreme Court was that the Court of Appeals improperly affirmed the trial court's denial of petitioner's motion for judgment of acquittal. *See*, Exhibit 111. Therefore, petitioner failed to raise the claims in this proceeding to the states highest court on his direct appeal.

To the extent that petitioner claims can be construed as alleging ineffective assistance of counsel, he arguably raised some of them in his petition for post-conviction relief. *See*, Exhibit 114. However, in appealing the PCR trial court ruling, petitioner's only assignment of error to the Oregon Court of Appeals and Petition for Review to the Oregon Supreme Court involved petitioner's sentence - discussed below in relation to petitioner's Ground Five.

Petitioner does not allege in Grounds One, Two, Three, Four or Six that his counsel was ineffective for failing to object to his sentence. Therefore, petitioner failed to fairly present these claims to the Oregon Supreme Court in his post-conviction appeal.

In Ground Five, petitioner alleges that his "sentence was not according to guidelines." Petitioner did not raise a sentencing challenge in his direct appeal. Accordingly petitioner's Ground Five was not presented to the state's highest court and is procedurally defaulted. Petitioner has not established cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

6 - FINDINGS AND RECOMMENDATION

Petitioner argued at his post-conviction hearing that his counsel was ineffective for not objecting to his sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000). *See* Exhibit 120 at p. 7 - 20. If petitioner's Ground Five is intended to raise an *Apprendi* claim, it fails on the merits.

Courts have uniformly held that trial counsel was not ineffective for failing to anticipate the extension of the *apprendi* decision in *Blakely* to departure sentences. *See*, eg. United States v. Johnson, 335 F.3d 589, 591-92 (9th Cir. 2003), *cert. denied* 540 U.S. 1011 (2003); United States v. Piggie, 316 F.3d 789, 791 (8th Cir. 2003)), *cert. den.*, 540 U.S. 857 (2003); United States v. Toliver, 351 F.3d 423, 434 (9th Cir. 2003), *cert. den.*, 541 U.S. 1079 (2004). *see also*, Peraltaa-Basilio v. Hill, 203 Or. App. 449, 454 P.3d 1 (2005), *rev. denied*, 340 Or. 359 (2006) (collecting federal cases). Because petitioner was sentenced two years before *Blakely* was decided, petitioner's trial counsel cannot be found to have been inadequate for failing to argue that *Apprendi* applies to findings supporting consecutive sentences.

Even if trial counsel was deficient for not objecting to petitioner's sentence on *Blakely* grounds, *Blakely* is not applied retroactively, so the objection would have failed. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

Petitioner did not fairly present any of the grounds for relief alleged in his federal petition to the Oregon Supreme

7 - FINDINGS AND RECOMMENDATION

Court.[2] Because petitioner failed to exhaust his state remedies and is now barred from filing any further appeals or post-conviction proceedings, he has procedurally defaulted his claims. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore petitioners claims are not properly before this court for federal habeas review. O'Sullivan v. Boerckel, supra.

In petitioner's Memorandum in support, counsel for petitioner states: "Petitioner understands that there are no legal arguments that counsel can ethically put forth to counter respondent's argument that petitioner has procedurally defaulted any claim for relief in federal court. Petitioner understands that he is not in a position to present evidence that would establish the existence of a recognized exception to the procedural default rules. Nevertheless, petitioner did not want to voluntarily consent to the dismissal of his post-conviction case. (sic) Instead, he asked that counsel file a response on his behalf in which he stated to the Court that he believes the concepts of exhaustion and [procedural default

---

[2]Except to the extent that ground Five is intended to raise petitioner's post-conviction Apprendi/Blakely claim - which as discussed herein fails on the merits. Even so, petitioner did not properly exhaust this claim in his PCR proceeding because it was raised for the first time on appeal and was therefore not presented in a procedural context in which it would be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984).

8 - FINDINGS AND RECOMMENDATION

found in 28 U.S.C. sec. 2254, et seq., and the cases interpreting those statutes are fundamentally unfair."[3] Petitioner's Memorandum in Support (#72) p. 7-8. In other words, petitioner concedes the merits of respondent's procedural default analysis.

Counsel for petitioner is commended for her candor and effort to accommodate petitioner's desire to make his "beliefs" known to the court. However, as acknowledged by counsel, respondent's procedural default arguments reflect the current state of habeas corpus law and are dispositive of petitioner's claims.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

---

[3] Petitioner did not want to voluntarily dismiss his claim because he "believes that there is a possibility (however remote) that there will be a subsequent change in the law that would provide benefits to someone in his position and he did not want to take any action that might constitute a waiver of the right to take advantage of such changes." Memorandum in Support (#72), p. 8, fn.2.

9 - FINDINGS AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 7th day of March, 2010.

_____
Thomas M. Coffin
United States Magistrate Judge